UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON M. PATTON,

              Plaintiff,

v.

COMMUNITY REINTEGRATION CENTER, C.O. AMORE, SGT. OFFICERS, LT. OFFICERS, HEALTH SERVICE UNIT, and DR. PATRICK,

              Defendants.

Case No. 24-CV-926-JPS

**ORDER**

Plaintiff Brandon M. Patton, a former inmate, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On August 5, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $20.00. ECF No. 6. Plaintiff paid that fee on August 12, 2024. The Court will grant Plaintiff's motion for leave to proceed without

prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

Page 2 of 9
Case 2:24-cv-00926-JPS    Filed 10/17/24    Page 2 of 9    Document 8

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2   Plaintiff's Allegations

On April 12, 2024, at approximately 1:30 a.m., Plaintiff became nauseated, and he felt highly dehydrated. ECF No. 1 at 2. Plaintiff had received his first dose of methadone at the MAT clinic the previous afternoon. *Id.* Plaintiff attempted to grab some water, but he partially lost consciousness before being able to do so. *Id.* Plaintiff remembers falling to the floor from the top bunk, which was approximately five to six feet above the floor. *Id.* There was nothing to break Plaintiff's fall except the foot lockers that were dangerous. *Id.* at 3. As a result of the fall, Plaintiff experienced grave pain in his left knee, left and right shins, elbows, and wrists. *Id.* Plaintiff also bit down on his tongue when he hit the floor. *Id.*

When Plaintiff regained consciousness, the correctional officer on duty gave Plaintiff orders. *Id.* Plaintiff was unable to understand the orders at the time. Plaintiff began to stand because he feared being taken off the medication. *Id.* Defendant Officer Amore Badge #278 ("Amore") and a few sergeants and lieutenants insisted that Plaintiff was faking. *Id.* They told Plaintiff that he would be sent to segregation if faking an injury. *Id.* Plaintiff was not given any further medical attention besides getting his pulse and temperature taken. *Id.* When ending her shift, Amore told another officer to keep his eyes on Plaintiff and to let her know if Plaintiff crossed the line; Amore intended to remove Plaintiff from the dorm. *Id.*

Plaintiff required a bottom bunk; they refused to provide him with a bottom bunk despite his medical records. *Id.* at 4. Plaintiff put in pink and white slips to make them aware that he needed a lower bunk. *Id.* Plaintiff had been treated for seizures as a child and his medical records would have shown that he needed a bottom bunk. *Id.* Plaintiff filed this case because he believes he has been racially stereotyped and profiled. *Id.* at 5.

On the week of May 6, 2024, Plaintiff heard a conversation between nurses about a property in Milwaukee. *Id.* at 6. Plaintiff was familiar with the area so he asked where the property was located. *Id.* The nurse said she was no longer interested in the property as a result of the location. *Id.* Plaintiff told the nurse that he knew where the property was, and the nurse and Defendant Dr. Patrick began to laugh at him. *Id.* The nurse said, "Look at him. He's like I've been to that house." *Id.* Plaintiff took this comment to mean that he was from a ghetto or a bad neighborhood and/or had some type of gang or drug affiliation because he is black and a minority. *Id.* Plaintiff did not find this situation to be funny. *Id.* Plaintiff believes their behavior was disrespectful, racially profound, and unprofessional. *Id.*

**2.3     Analysis**

First, the Court finds that Plaintiff may not proceed against any defendants on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that

prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

Here, Plaintiff does not provide sufficient factual detail to allow the Court to identify an Eighth Amendment deliberate indifference claim. Plaintiff alleges that his medical records would have shown the need for a low-bunk restriction. Plaintiff's allegations as currently plead at most would show negligence, but nothing indicates that any defendants intentionally ignored a need for a lower bunk prior to his fall. As to Plaintiff's lack of treatment after the fall, Plaintiff only generally alleges pain as a result of the injury; it is unclear, however, if his injuries were sufficiently serious to warrant medical treatment. Further, Plaintiff's allegations do not make clear which defendants, if any, were actually aware of his need for medical treatment. As such, the Court does not find that Plaintiff's allegations state an Eighth Amendment claim for deliberate indifference.

Second, the Court does not find that any of defendants' comments rose to the level of a constitutional violation. Except in exceptional circumstances, verbal abuse or harassment from prison officials does not

constitute cruel and unusual punishment. *See Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), abrogated in part on different grounds by *Savory v. Cannon*, 947 F.3d 409, 423–24 (7th Cir. 2020) (*en banc*). But when the comments are repeated or of a certain nature, they may increase the plaintiff's risk of physical or psychological harm from fellow inmates. *See Beal*, 803 F.3d at 358–59. For example, statements by correctional officers made in front of other incarcerated persons about a plaintiff's sexual orientation could increase that plaintiff's risk of sexual assault or harassment. *Id.* In that scenario, verbal harassment may support an Eighth Amendment claim. *Id.*

Here, Plaintiff alleges that Dr. Patrick and nurses laughed at him and made fun of him for his comment about a property in Milwaukee. While Plaintiff believes the comments were made as a result of his race, nothing in the comments reflects this conclusion and Plaintiff does not explain the reasoning for his belief. While perhaps rude and unprofessional, the Court therefore finds that the alleged comments do not rise to the level of a constitutional violation.

As such, the Court finds that the Plaintiff fails to state a claim upon which relief can be granted. The Court will allow Plaintiff to file an amended complaint on or before **November 7, 2024**. When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide

the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda,* the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

3. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No, 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **November 7, 2024**. If Plaintiff files an amended complaint by the deadline,

the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order; and

**IT IS FURTHER ORDERED** that Plaintiff must pay the $330.00 balance of the filing fee over time as he is able. His payments shall be clearly identified by the case name and number assigned to this action. Plaintiff may mail his payments to the Clerk's Office at Office of the Clerk, United States District Court, Eastern District of Wisconsin, 362 United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202.

Dated at Milwaukee, Wisconsin, this 17th day of October, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.